Dear Ms. Core:
You have requested an opinion from this Office regarding the legal qualifications to exempt property from a certain taxation scheme. Specifically, you have asked, under La.R.S. 47:2303, what is the minimum "acreage required to qualify for a wetlands determination under the Use Value[1] exemption"? It is important to note that La.R.S. 47:2303 exempts certain types of lands from ad valorem taxes.
Louisiana Revised Statutes 47:2303 states:
In order to be classified as bona fide agricultural, horticultural, marsh or timber land and assessed at its use value under the provisions of Article VII, Section 18(C) of the Louisiana Constitution of 1974, it must meet the definition of bona fide agricultural, horticultural, marsh or timber land as described in R.S. 47:2302 and, in the case of bona fide agricultural, horticultural, or timber land: *Page 2 
A. Be at least three acres in size, or have produced an average gross annual income of at least two thousand dollars in one or more of the designated classifications for the four preceding years, and
B. The landowner has signed an agreement that the land will be devoted to one or more of the designated uses as defined in R.S. 47:2302.
Neither Louisiana law in general nor this particular statute specifically identify define "wetlands" for the purposes of taxation.[2] However, this Office has opined in the past that the terms "marsh or timber land" may incorporate the more specific term, "wetlands."[3] In making a determination as to whether a particular tract classifies as "wetlands," this Office has proposed the following inquiry:
1) Whether the "physical characteristics of the land show its swamp characters;"
2) Whether the land is inundated, "though it need not be permanent;" and
3) Whether the land is unfit for cultivation.[4]
Thus, for the purposes of use valuation under Title 47 of the Louisiana Revised Statutes, it is the opinion of this Office that the term "wetland" is subsumed within the broader terms of "marsh or timber land" as those terms are used in La.R.S. 47:2303.[5] Based upon this opinion, the answer to your specific question of how much acreage of wetlands is necessary to qualify for the use value exemption provided in La.R.S. 47:2303, the statute clearly states that that amount is three (3) acres.
It is, however, important to note that it is also our opinion that wetlands mitigation banks[6] are not included within the general use value exemption. The basic *Page 3 
reasoning for this opinion is that wetlands mitigation banks are not traditional wetlands. Rather, mitigation banks are entrepreneurial ventures that are calculated to generate a substantial profit for the landowner, as opposed to traditional wetlands, which are typically of little or no value from a commercial standpoint.[7]
Thus, because the general idea behind the use value exemption for wetlands is to minimize the tax impact of this economically low-yield land, [8] it is our opinion that it would be inconsistent to include profit-making wetlands (i.e., mitigation banks) within that exemption.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ RYAN M. SEIDEMANN Assistant Attorney General
JDC/RMS/tp
[1] In La.R.S. 47:3201, "use value" is defined as:
Use value of bona fide agricultural, horticultural and timber lands means the highest value of such land when used by a prudent agricultural, horticultural or timber operator for the sole purpose of continuing the operation, as a commercial agricultural, horticultural or timber enterprise, of an existing bona fide agricultural, horticultural or timber use. Use value of bona fide marsh lands is the highest value of such land for the sole purpose of continuing the traditional use of the marsh lands for hunting, fishing, trapping or various types of aquaculture by a prudent manager of marsh lands. Use value of such land shall be so established without reference to any other criteria of value particularly, but not as a limitation, without reference to fair market value or value to the public in general.
[2] La. Atty. Gen. Op. No. 90-0026; see also Ryan M. Seidemann, What's In A Name?: The Legal Definition of "Marshlands"and the Implications for Wetlands in Louisiana, 80 LOUISIANA COASTAL LAW 3 (2002). However, La.R.S. 47:2302 defines "marsh" as "wetland other than bona fide agricultural, horticultural or timber land," which does not define "wetlands," but does support the convergent definitions of "marsh" and "wetlands" as suggested herein.
[3] Id. It is important to note that at least one place in the Louisiana Administrative Code recognizes that a wetland can also be a marsh, to wit: L.A.C. 43:1.700 defines "marsh" as "wetlands subject to frequent inundation in which the dominant vegetation consists of reeds, sedges, grasses, cattails, and other growth." Further, L.A.C. 43:1.700 notes that "[w]etlands generally include swamps, marshes, bogs, and similar areas."
[4] Id.
[5] It is, however, important to note that, although some "timber lands" may also be "wetlands," not all "wetlands" are "timber lands" and not all "timber lands" can be classified under the use value exemption. See generally Ryan M. Seidemann Catherine D. Susman, Wetlands Conservation in Louisiana: Voluntary Incentivesand Other Alternatives, 17 J. ENVTL. L. LITIG. 441 (2002).
[6] Wetland mitigation banks can be categorized into three varieties: existing wetlands, restored wetlands, and created wetlands. They provide a means by which developers can offset their projects' deleterious effects on existing wetlands through the preservation, restoration, and/or creation of wetlands elsewhere. Yates describes these mitigation banks as "compensatory mitigation . . . achieved through a process where a permittee restores, creates, or protects another wetland in exchange for or, to replace the one destroyed." Katherine E. Yates, Wetlands Mitigation andMitigation Banking in Louisiana, 59 LA. L. REV. 591, 593 (1999). Essentially, developers invest in "banks" that allow them to buy up "destruction credits" for other wetland areas.
[7] See generally Seidemann and Susman, supra.
[8] Id.